IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COLLETTE A. LARA,

      Plaintiff,

v.                                                                                           CV 10-333 RB/CG

CANDICE JAGER, INC. and
MANUEL EFREN AGUIRRE,

      Defendants.

### ORDER GRANTING MOTION TO COMPEL

**THIS MATTER** is before the Court on *Plaintiff's Motion to Compel Answers to Interrogatories*, (Doc. 43) ("Motion"), Defendants' *Response to Motion to Compel Answers to Interrogatories*, (Doc. 44) ("Response"), and *Plaintiff's Reply to Defendant's Response to Motion to Compel*, (Doc. 45) ("Reply"). Plaintiff is seeking an order compelling Defendant Candice Jager, Inc., ("CJI"), to answer interrogatories sent to it pursuant to FED. R. CIV. P. 69(a). (Doc. 43 at 1). Plaintiff also requests that the Court award her reasonable costs and attorney's fees incurred in preparing and filing the Motion. (*Id.* at 2). CJI admits that it failed to respond to Plaintiff's interrogatories, and claims that it failed to do so because it is insolvent and no longer doing business. (Doc. 44 at 1). The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised in the premises, **FINDS** that Plaintiff's Motion is well-taken and will be granted.

      Following a settlement conference before this Court in July of 2010, the case was settled for $8,750 and the parties entered into a settlement agreement. (Doc. 31; Doc. 35, Ex. 2). The parties later disputed whether the settlement agreement was enforceable solely

against CJI, or whether Defendant Manuel Aguirre was also responsible for the settlement amount. (*See* Doc. 35). This Court found that the settlement agreement made CJI solely liable for the settlement amount and United States District Judge Robert Brack adopted this Court's finding. (Doc. 39; Doc. 40). Judge Brack then entered judgment against CJI in the amount of $5,000.[1]

In an effort to enforce the judgment against CJI, Plaintiff sent interrogatories to CJI on January 20, 2011. Plaintiff's interrogatories were authorized by Rule 69(a)(2) of the Federal Rules of Civil Procedure, which provides that "in aid of [a] judgment or execution, the judgment creditor . . . may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located." FED. R. CIV. P. 69(a)(2). The interrogatories requested that CJI identify all assets held by the company. (Doc. 43, Ex. 1 at 2). CJI's response to the interrogatories was due no later than February 20, 2011. *See* FED. R. CIV. P. 33(b)(2) (requiring that a party answer or object to interrogatories within 30 days after being served). CJI did not respond to the interrogatories and Plaintiff then sent a letter to CJI's counsel on March 18, 2011, requesting that CJI provide the overdue answers no later than March 23. (Doc. 43 at 1; Doc. 43, Ex. 2). CJI's counsel did not respond to Plaintiff's letter. (*Id.*). Plaintiff then filed the instant motion.

CJI responded to Plaintiff's motion and it admits that it never answered the interrogatories. (Doc. 44). CJI states that

> Candice Jager, Inc. is insolvent. It is not presently doing business. It has no income

---

[1] CJI paid the first $3,750 installment to Plaintiff. (Doc. 35 at 1; Doc. 35, Ex. 2 at 1). Therefore, only $5,000 remains outstanding.

> and no financial resources to pay counsel to respond to plaintiff's discovery requests or to pay the undersigned attorney to represent it further in this case. The failure of Candice Jager, Inc. to answer the interrogatories is not willful, but due solely to its financial inability to respond.[2]

(*Id.*). CJI offers no further justification for its failure to respond to the Plaintiff's discovery requests. Plaintiff, in her Reply, argues that a claim of insolvency "does not shelter a party from the ramifications of its decisions to ignore its responsibilities in a lawsuit. A party's tactical decision to ignore its obligations under the Federal Rules of Civil Procedure on the grounds that it is insolvent does not preclude the imposition of sanctions." The Court agrees.

Most federal courts to consider the issue have held that a party's supposed indigence is no excuse for failure to abide by their obligations under the Federal Rules of Civil Procedure. *See, e.g.*, *United States v. Goldston*, No. 06-02153, 2008 WL 6825738 (D.Col. Sep. 17, 2009); *Kiely v. Shores Group Inc.*, 160 F.R.D. 159 (D.Kan. 1995); *Bosworth v. Record Data of Maryland, Inc.*, 102 F.R.D. 518 (D.Md.1984). As an initial matter, the Court notes that it has no means of verifying whether CJI is, in fact, insolvent. For that reason alone, Defendants Response fails to provide a basis for their refusal to comply with a legitimate discovery request. However, even if CJI showed that it was insolvent, that still does not excuse CJI from honoring its discovery obligations. As noted by the District of Colorado, "a party to a lawsuit cannot excuse its failure to satisfy its obligations by asserting financial difficulties, documented or undocumented. Defendant must find a way to defend itself within the rules or it must offer some authority for why it

---

[2] CJI's response was submitted by attorney Jack Hardwick, the same attorney who represented CJI and Mr. Aguirre throughout the case.

believes the Court should overlook its disrespect for the Court and the litigation process because of its financial situation." *Goldston*, 2008 WL 6825738 at * 3, fn. 6. Defendant could have objected to the interrogatories on the grounds of insolvency, as provided by FED. R. CIV. P. 33(b)(4). Alternately, the Federal Rules explicitly provide that, when the interrogatories may be answered by "examining, auditing, compiling, abstracting, or summarizing a party's business records[,]" the business may "give the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries" in lieu of answering the interrogatories. FED. R. CIV. P. 33(d). CJI could have invited Plaintiff's counsel to review CJI's business records to determine whether CJI still had any assets at no cost to CJI itself. CJI chose not to avail itself of the remedies available in the federal rules and, for that reason, the Court finds that Plaintiff's motion must be granted.

The Court then turns to the question of awarding Plaintiff her attorney's fees and reasonable costs. Sanctions pursuant to Federal Rule 37(a) are mandatory when a court grants a motion to compel. FED. R. CIV. P. 37(a)(5)(A) ("If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion . . .").[3] However,

---

[3] While the term "after giving an opportunity to be heard" might suggest that a court must conduct a hearing before entering an order on a motion to compel, the commentaries to the federal rules make clear that this is not the case. The rule was amended to change the phrase "after opportunity for hearing" to "after affording an opportunity to be heard." The commentary states that this amendment "make[s] clear that the court can consider [motions to compel] on written submissions as well as on oral hearings." Advisory Comm. Notes Rule 37(a) (1993). *See also Paladin Assocs. V. Montana Power Co.*, 328 F.3d 1145, 1164-65 (9th Cir. 2003) (holding that an opportunity to brief the issue was sufficient to afford the party an opportunity to be heard).

the court may decline to order sanctions if the nondisclosure was substantially justified, or if the circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A)(ii), (iii). The Court finds that neither exception is applicable here. As stated above, CJI's failure to respond to Plaintiff's discovery requests was clearly unjustified. Nor does the Court find that an award of sanctions would be unjust. As noted by the District of Maryland, "A per se flat policy against the imposition of sanctions under Federal Civil Rule 37 upon any party who is financially indigent does not accord with the purposes of that rule and would open the door to many possible abuses." *Bosworth*, 102 F.R.D. at 520. The Court therefore finds that the imposition of sanctions is justified in this case.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Compel Answers to Interrogatories*, (Doc. 43), be **GRANTED**. Defendant is ordered to respond to Plaintiff's interrogatories within ten days of this Order.

**IT IS FURTHER ORDERED** that CJI shall pay Plaintiff's reasonable costs and attorney's fees in preparing and filing the instant motion. Plaintiff is directed to file an affidavit within ten days of this Order listing the total expenses incurred in preparing the Motion. The Court will enter an order directing CJI to pay those fees following a review of Plaintiff's affidavit.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE